UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:                                                             Case No. 9:10–bk–05097–ALP
Chapter 13

James Nicholas Carletta
5092 Avila Avenue
Ave Maria, FL 34142

Dawn Marie Carletta
5092 Avila Avenue
Ave Maria, FL 34142

             _____Debtor*_____/

ORDER ON US Bank National Association's
MOTION FOR RELIEF FROM STAY AND/OR FOR ADEQUATE PROTECTION
(Doc. #29)

    THIS CASE came on for consideration of the Motion for Relief and/or for Adequate Protection (Document No. 29 ) ("Motion") filed on June 24, 2010 by US Bank National Association ("Creditor"). On March 19, 2010 , the Court entered an Order Establishing (1) Duties of Trustee and Debtor, (2) Plan Confirmation Procedures, (3) Requirements for Debtor's Compliance, (4) Procedures for Allowance of Administrative Expense, and (5) Procedures for Adequate Protection Payments to Secured Creditor (Doc. No. 13 ) ("Order Establishing Procedures for Adequate Protection"). The record reflects that the Debtor is not in compliance with the Order Establishing Procedures for Adequate Protection with respect to the Creditor. Accordingly, it is

  **ORDERED**:

    1. Within fourteen (14) days of the date of entry of this Order, the Debtor is directed to comply with the terms of the Order Establishing Procedures for Adequate Protection by filing an amended Chapter 13 Plan providing the required treatment of the Creditor's claim.

    2. If the Debtor complies with the Debtor's obligation as directed in decretal paragraph 1 above, the Court finds that the Creditor will be adequately protected pursuant to the terms of the Order Establishing Procedures for Adequate Protection, provided that the Creditor complies with its duties thereunder, including filing a proof of claim.

    3. If the Debtor fails to comply with the Debtor's obligation as directed in decretal paragraph 1 above, the Motion shall be deemed granted, without further notice or hearing, to permit the Creditor *in rem* relief from the automatic stay of 11 U.S.C. section 362(a) in order to exercise its rights with respect to the collateral. In that event, the Creditor may, but need not, request an order confirming that no stay is in effect as to *in rem* action.

    4. If the Creditor's collateral has been surrendered or if the Debtor has agreed to surrender the collateral, then counsel for the Creditor may furnish to the Court a proposed order granting the Creditor *in rem* relief from the automatic stay of 11 U.S.C. section 362(a) in order to exercise its rights with respect to the collateral together with an affidavit stating that the collateral has been surrendered or that the Debtor has agreed to surrender the collateral.

5. The automatic stay will remain in effect until further order of the Court or the expiration of time as provided in decretal paragraph 3 above, whichever occurs first.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on June 27, 2010 .

_____
Alexander L. Paskay
United States Bankruptcy Judge

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.